HENRY PICKARD, RESPONDENT, v. JOSIAH YENCER, APPELLANT.

*When a settlement and discontinuance of an action will be set aside as a fraud upon the attorney's lien for costs.*

APPEAL from an order made at the Livingston Circuit and Special Term, setting aside a settlement, stipulation and an order of discontinuance entered in this action, on the ground that they were made in fraud of the lien of the plaintiff's attorneys for his costs, and authorizing the said attorneys to enter a judgment against the defendant for their costs and disbursements in the action, and also from a judgment entered in pursuance of such order.

The action was commenced in November, 1878, for an assault and battery. The defendant answered, setting up a general denial and a justification. On May 7, 1879, the plaintiff's attorneys notified the defendant that they had a lien upon the cause of action for costs and disbursements, and that they would disregard any settlement of the suit made without their consent. On September 29, 1879, the plaintiff and defendant settled, the defendant paying $30 and taking from the plaintiff a written acknowledgment of the receipt of that sum in full of his claim, and an agreement that the defendant might enter an order of discontinuance, without costs to either party as against the other, on filing the receipt and stipulation. An order of discontinuance was entered thereon, November 6. The plaintiff's attorneys were not advised of these proceedings until after the commencement of the November Circuit in Livingston county, for which court they had noticed the cause and placed it on the calendar for trial. Upon an order to show cause, granted by the judge holding the Circuit, on affidavits showing the foregoing facts, and also the fact that the plaintiff was insolvent, the plaintiff's attorneys moved for and obtained the order from which this appeal is taken.

The court, at General Term, said: "The settlement was properly held to have been in fraud of the plaintiff's attorneys, it having been shown, without dispute, that the plaintiff

was insolvent, and that the defendant had notice of the lien of the attorneys. (*Francis* v. *Webb,* 7 C. B., 731; *Ten Broeck* v. *De Witt,* 10 Wend., 617; *McDowell* v. *Second Avenue R. R. Co.,* 4 Bosw., 670.) Although the settlement was before judgment, yet as it was plainly in fraud of the attorneys, they were entitled to have it set aside to enable them to continue the action and recover their costs. (*Rasquin* v. *Knickerbocker Stage Co.,* 12 Abb. Pr., 324.) Such was the well established rule prior to the amendment in 1879 of section 66 of the Code of Civil Procedure, and it is therefore unnecessary to consider the position of the appellant's counsel, based upon that statute, inasmuch as the amendment referred to was adopted since the action was commenced, and is inapplicable to the case. So much of the order appealed from as sets aside the settlement, stipulation and order of discontinuance, so far as they affect the lien of the attorneys, is therefore proper, and should be affirmed.

" But the plaintiff's attorneys seem to have supposed that the order appealed from authorized them to enter judgment for their costs without bringing the cause to trial, and that is what they have, in fact, done. In this, their practice has been irregular. Their remedy, on setting aside the settlement, so far as it affected their rights, was to prosecute the action, in the name of their client, to trial and final judgment. (*Talcott* v. *Bronson,* 4 Paige, 501.) The defendant is not liable for costs except upon a recovery, by the plaintiff, of an amount sufficient to carry costs under the statute. It is by no means clear that the order was intended to authorize the attorneys to enter judgment without bringing the cause to trial, but as they have given it that construction, they cannot complain if it is so construed on this appeal. The judgment is irregular, and should be set aside, and so much of the order as authorizes it should be modified so as to permit the plaintiff's attorneys to proceed with the suit, in the name of their client, notwithstanding the settlement and stipulation."

*E. W. Packard,* attorney, and *James Wood,* counsel, for the appellant.

*F. C. Peck*, for the respondent.

Opinion by SMITH, J.; TALCOTT, P. J., and HARDIN, J., concurred.

Judgment set aside and order modified so as to permit the plaintiff's attorneys to proceed with the suit in the name of their client, notwithstanding the settlement and stipulation, without costs of this appeal to either party as against the other.